# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) Case No.: |
| v. | ) ) |
| YASER ALI SALEH and HANA ABDULLA, | ) ) ) |
| Defendants. | ) |

## COMPLAINT TO QUIET TITLE AND OTHER RELIEF

Plaintiff, FEDERAL HOME LOAN MORTGAGE CORPORATION ("Freddie Mac" or "Plaintiff"), by and through its undersigned attorneys, and for its Complaint to Quiet Title and Other Relief against Defendants, Yaser Ali Saleh ("Saleh") and Hana Abdulla ("Abdulla") (Saleh and Abdulla are collectively referred to as "Defendants"), states as follows:

### SUMMARY OF THE ACTION

1. Freddie Mac brings this suit to quiet title against Defendants who executed a real estate sales contract, but failed to close on purchase of the subject residential real estate by agreed extension deadlines. Due to administrative error, a deed conveying the subject property to Defendants was recorded and Freddie Mac's efforts to compel Defendants to execute a Quit Claim Deed reverting record title of the real estate has been unsuccessful. There is no question that Defendants have never made the required purchase price for the subject real estate, that the subject real estate sales contract was terminated, and that Defendants should be ordered to execute all documents necessary to revert record title to Freddie Mac.

## PARTIES

2. Plaintiff, Freddie Mac is a government-sponsored enterprise chartered by Congress and organized and existing under the laws of the United States, that conducts business in the State of Illinois and with its principal place of business in McLean, Virginia. Under its federal statutory charter, Freddie Mac has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing.

3. Congress chartered Freddie Mac to facilitate the nationwide secondary residential mortgage market. *See* 12 U.S.C. § 1451. The Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 et seq.), established the Federal Housing Finance Agency ("FHFA" or "Conservator") as Freddie Mac's primary regulator.

4. Freddie Mac is operating under the conservatorship of the FHFA. Among other powers, Congress granted FHFA authority to place Freddie Mac into conservatorship under certain, statutorily defined conditions, which FHFA did on September 6, 2008. As Conservator, FHFA has broad statutory powers, including the powers to preserve and conserve Freddie Mac's assets and property, and to collect obligations due Freddie Mac. FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law. *See, e.g.,* 12 U.S.C. § 4617(f).

5. Defendants, Selah and Abdulla, are individuals whose primary residence is within the State of Illinois, located at 9423 South 77th Avenue, Hickory Hills Illinois, 60457.

## JURISDICTION AND VENUE

6. This Court has original and diversity jurisdiction over this action pursuant to 28 U.S.C. 1332 and 12 U.S.C. 1452(f), whereas all civil actions to which Freddie Mac is a party shall

be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and Defendants are citizens of Illinois, the subject real estate is situated in Illinois, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Defendants are subject to personal jurisdiction in Illinois based on general jurisdiction, because they regularly conduct business in Illinois, and based on specific jurisdiction, because the transaction out of which this action arises occurred substantially in Illinois.

8. Venue is proper in this District pursuant to 28 U.S.C. 1391 because the Defendants transact business in Illinois and a substantial portion of the transactions or occurrences (out of which the causes of action alleged below arose) took place within this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about May 10, 2023, Freddie Mac became the owner of that certain real estate commonly known as 9654 Nottingham Ave., Apt. 2C, Chicago Ridge, IL 60425, with a legal description of:

UNIT NUMBER 2-C IN STONY EDGE ESTATE II CONDOMINIUM ASSOCIATION AS DELINEATED ON A SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE; LOTS 2 IN RIDGE OAKS SUBDIVISION THE WEST OF THE NORTHWEST OF SECTION 7, TOWNSHIP 37 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, WHICH SURVEY IS ATTACHED AS EXHIBIT A TO THE DECLARATION OF CONDOMINIUM RECORDED AS DOCUMENT NUMBER 2509550, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS, IN COOK COUNTY, ILLINOIS.

and subject to that certain property index number 24-07-104-021-1011 (the "Property") by virtue of that certain Foreclosure Sale Deed executed by The Judicial Sales Corporation, an Illinois Corporation, which was recorded with the Cook County Clerk on May 17, 2023 as Document No.

2313722031 (the "Judicial Deed"). A true and correct copy of the Judicial Deed is attached as **Exhibit A**.

10. In November 2023, Defendants submitted a bid to purchase the Property through an online real estate auction forum, Auction.com.

11. Defendants were the winning bid for the Property; however, Defendants' bid did not transfer ownership of the Property to Defendants, but rather gave Defendants the ability to enter into a contract to close on purchase of the property by date certain.

12. On or about November 5, 2023, Defendants executed that certain Occupied Auction Purchase and Sale Agreement, Illinois REO Rider, Property Condition Addendum and Release (Auction Version Only), and Addendum to Contract of Sale (collectively referred to as the "Purchase Contract") for purchase of the Property for the total price of $121,485.00 (the "Purchase Price"). A true and correct copy of the Purchase Contract (redacted to remove confidential information) is attached as **Exhibit B**.

13. In connection with the Purchase Contract, Defendants tendered an earnest money deposit in the amount of $6,074.25 (the "Escrow Deposit"), payable to Mortgage Connect, LP ("Mortgage Connect"), the "Closing Agent" on behalf of Freddie Mac.

14. Pursuant to paragraph 8 of the Purchase Contract, a closing was scheduled to occur on or before December 13, 2023, unless extended by written agreement.

15. Pursuant to paragraph 22 of the Purchase Contract, Freddie Mac was entitled to "the recovery of liquidated damages in the amount of one thousand dollars ($1,000.00)" in the event Defendants "fail[ed] or refuse[d] to proceed to settlement in th[e] Agreement."

16. While the closing date for purchase of the Property was still pending under the Purchase Contract, a dispute arose with the Association that manages the Condominium of which

the Property is a part (the "Association") regarding a balance owed by the prior owner of the Property.

17. Pursuant to agreement of the parties, the closing date under the Purchase Contract was extended to May 10, 2024.

18. In anticipation of closing, on or about April 29, 2024, Mortgage Connect, LP ("Mortgage Connect"), as Attorney-in-Fact for Freddie Mac through a Limited Power of Attorney, executed that certain Special Warranty Deed to convey the Property to Defendants when the sale transaction was closed and settled, a true and correct copy of which is attached hereto as **Exhibit C** (the "Special Warranty Deed").

19. The Special Warranty Deed was held by Mortgage Connect (acting as the "Escrowee") in escrow, to be retained by the Escrowee until the Defendants deposited with the Escrowee the Purchase Price.

20. It was a condition to the closing of the purchase and sale of the Property that Freddie Mac obtain a paid assessment letter ("Paid Assessment Letter") from the Association. Despite repeated efforts, Freddie Mac was unable to procure the Paid Assessment Letter prior to May 10, 2024.

21. Pursuant to the terms of the Contract, Freddie Mac requested a short delay in the closing of the purchase and sale of the Property to allow Freddie Mac the time necessary to obtain the necessary Paid Assessment Letter, but Defendants responded saying that the closing would have to be delayed for a year because Defendants were leaving the country for a year. Freddie Mac responded advising that it was not willing to delay the closing for a year.

22. Pursuant to the terms of the Contract, on or about May 21, 2024, Freddie Mac sent Defendants a Contract Termination and Release of Earnest Money Deposit (the "Termination

Notice") indicating that Freddie Mac was terminating the Contract since the extension close date had expired and a closing date extension could not be granted. A true and correct copy of the Termination Notice is attached hereto and made a part hereof as **Exhibit D.**

23. Notwithstanding that the Contract was terminated, Mortgage Connect, by mistake, recorded the Special Warranty Deed, which was being held in escrow, with the Cook County Clerk's Office on May 6, 2024 as Document No. 2412708025.

24. The Special Warranty Deed was erroneously recorded where, as of April and May 2024, Defendants had not completed all required conditions of closing pursuant to the terms of the Purchase Contract including, but not limited to, payment of the Purchase Price by the extended closing date.

25. The filing and recording of the Special Warranty Deed was an administrative error where Defendants did not purchase the Property, did not receive title to the Property, did not come into possession of the Property, have no pending contract with Freddie Mac to purchase the Property, and do not otherwise manage the Property.

26. On or about, May 24, 2024, Mortgage Connect issued a check in the amount of $6,074.25 payable to Defendants as return of the Escrow Deposit.

27. Defendants acknowledge that they did not actually purchase the Property

28. Defendants acknowledge that they did not pay the Purchase Price for the Property.

29. Defendants acknowledge that they do not have possession of the Property.

30. Defendants also never cashed the check from Mortgage Connect returning the Escrow Deposit.

31. On or about September 12, 2024, Freddie Mac executed that certain Notice of Claim of Interest in Real Estate, which was recorded with the Cook County Clerk's Office as

Document No. 2425720507 (the "Notice of Claim"), a true and correct copy of which is attached as **Exhibit E**.

32. On dates including, but not limited to, January 23, 2025, Freddie Mac made demand on Defendants to reconvey the Property by execution of a quit claim deed for the benefit of Freddie Mac; however, Defendants refused to execute a quit claim deed.

33. On or about January 23, 2025, Defendants, through their attorney, informed Freddie Mac that it would not execute a quit claim deed without payment of $60,000.00. Defendants, alternatively, demanded that Freddie Mac permit them to enter into a new contract to purchase the Property.

34. Freddie Mac has rejected Defendants' request to pay for execution of a quit claim deed and alternate request to enter into a new contract to purchase the Property.

35. At all relevant times since May 10, 2023, Freddie Mac has been in possession of the Property including, but not limited to, employing agents to manage and maintain the Property.

36. At all relevant times since May 10, 2023, a tenant residing in the Property has failed and refuses to pay rents due.

37. Freddie Mac has been unable to commence any eviction action against the tenant residing in the Property without having proper title to the Property.

38. Freddie Mac has also been unable to market the Property for sale without having proper title to the Property.

## COUNT I: QUIET TITLE

39. Freddie Mac restates and re-alleges paragraphs 1-39 of the Complaint as if fully set forth herein.

40. Defendants and Unknown Owners may claim a right, title, interest, or lien in or to the Property adverse to Freddie Mac.

41. Defendants have been asked by Freddie Mac to execute a quit claim deed whereby said Property would be transferred from Defendants to Freddie Mac; however, Defendants refuse to do so and fail to acknowledge that the Purchase Contract was terminated.

42. As a result of Defendants' failure to complete all required conditions of closing prior to termination of the Purchase Contract including, but not limited to, payment of the Purchase Price, Defendants and Unknown Owners do not have any legal or equitable right, claim, or interest in the Property.

43. The Special Warranty Deed for the Property was filed and recorded in error.

44. Defendants and Unknown Owners' claim is a cloud on Freddie Mac's title having no force and effect.

45. Freddie Mac's title to the Property is superior to the title of any other party, including Defendants, as Freddie Mac is the equitable owner of the Property.

46. As equitable owner of the Property, Freddie Mac seeks a declaration that the title to the real estate is vested in Freddie Mac, and that Defendants and Unknown Owners have no estate, right, title, or interest in the subject Property, and that Defendants and Unknown Owners be forever enjoined from asserting any estate, right, title, or interest in the Property adverse to Freddie Mac.

47. Freddie Mac has no adequate remedy at law.

## COUNT II: DECLARATORY JUDGMENT

48. Freddie Mac incorporates by reference paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. There is an actual and justiciable controversy between Freddie Mac and Defendants regarding title to the Property.

50. Despite acknowledgement that Defendants did not pay the Purchase Price for the Property and that the Special Warranty Deed was recorded in error, Defendants refuse to return the Special Warranty Deed to Freddie Mac or execute any quit claim deed to return the Property to Freddie Mac or otherwise cooperate with Freddie Mac to remove the cloud on Freddie Mac's title to the Property absent payment of an exorbitant sum which Freddie Mac has declined.

51. Freddie Mac is entitled to a declaration as to the rights of the parties.

WHEREFORE, Plaintiff, Federal Home Loan Mortgage Corporation, respectfully requests that this honorable Court enter an order:

1. Declaring the Special Warranty Deed recorded with the Cook County Clerk's Office on May 6, 2024 as Document No. 2412708025 as void and without any effect;

2. Declaring and conferring true title of the Property to Plaintiff, in fee simple, free and clear of the purported claims of interest of Defendants and Unknown Owners;

3. Declaring and finding that Defendants, along with any Unknown Owners, have no interest in or title to the Property; and

4. Awarding Plaintiff costs of this suit and for such further relief as deemed just and proper.

Date:  April 4, 2025                                          Respectfully submitted,

                                                              Plaintiff, FEDERAL HOME LOAN
                                                              MORTGAGE CORPORATION.


                                                              /s/ Daniel L (*D.L.*) *Morriss*
                                                              One of Its Attorneys


**HINSHAW & CULBERTSON LLP**
Daniel L. (D.L.) Morriss
Richard B. Polony
Jack Shadid
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone:  (312) 704-3000
Facsimile:  (312) 704-3001
dmorriss@hinshawlaw.com
rpolony@hinshawlaw.com
jshadid@hinshawlaw.com